**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02864-BNB

WILLIAM MAUNZ,

    Plaintiff,

v.

DENVER COUNTY SHERIFF'S DEPT., Sheriff of Denver,
MAYOR OF DENVER,
DEPUTY VELEZ, Badge No. #06, hisp./male,
DEPUTY HARRIS, Badge No. #92, blk./male, and
DEPUTY GALLARDO, Badge No. #96, hisp./male,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, William Maunz, is an inmate at the Denver County Jail in Denver, Colorado. Mr. Maunz initiated this action by filing *pro se* a document titled "Petition for Prisoner's/Civil Complaint, 42 § 1983, and Leave to Proceed 28 § U.S.C. 1915." On December 3, 2010, Magistrate Judge Boyd N. Boland entered an order directing Mr. Maunz to cure certain deficiencies within thirty days if he wished to pursue his claims in this action. More specifically, Magistrate Judge Boland directed Mr. Maunz to file on the proper forms a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and to submit a certified copy of his inmate trust fund account statement in support of the 28 U.S.C. § 1915 motion. Mr. Maunz was warned that the action would be dismissed without further notice if he failed to cure the deficiencies within thirty days.

Mr. Maunz subsequently sought and was granted five extensions of time to cure the deficiencies in this action. Most recently, on April 19, 2011, Magistrate Judge Boland granted Mr. Maunz another twenty days to cure the remaining deficiencies. Magistrate Judge Boland reviewed all of Mr. Maunz's filings in this action in the April 19 order and noted that Mr. Maunz has filed on the proper form a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915. Magistrate Judge Boland advised Mr. Maunz that he still needs to file a Prisoner Complaint on the proper form and that he must submit a certified copy of his inmate trust fund account statement in order to cure all of the deficiencies in this action. Mr. Maunz again was warned in the April 19 order that the instant action would be dismissed without further notice if he failed to cure the remaining deficiencies within the time allowed.

On May 13, 2011, Mr. Maunz filed a document titled "Motion for Refiling Civil/Prisoner's Complaint 42 § 1983 (Notice of Intent) Ext./Stay." Mr. Maunz requests three things in the motion filed on May 13, all of which will be denied for the reasons discussed below. Mr. Maunz also alleges in the motion filed on May 13 that his speedy trial rights have been violated since his arrest on March 5, 2010, an allegation that has no apparent relevance to the three requests in the motion or any other issue in this action.

Mr. Maunz first requests an "Extension/Enlargement" in the motion filed on May 13 and the Court assumes he is seeking another extension of time to cure the deficiencies in this action. The request for an extension of time will be denied because Mr. Maunz fails to provide any reasons why he needs another extension of time to cure the remaining deficiencies. In fact, Mr. Maunz fails to address in any way what steps he

2

has taken to cure the remaining deficiencies, why he has been unable to cure the remaining deficiencies in the time allowed, or how additional time would assist him in curing those deficiencies.

Mr. Maunz also requests a stay of proceedings in the motion filed on May 13. The request for a stay of proceedings will be denied because Mr. Maunz does not indicate why a stay is necessary. To the extent he is seeking a stay as a substitute for an extension of time to cure the remaining deficiencies, the request will be denied for the reasons discussed above. The Court also notes that the authority Mr. Maunz cites in support of his request for a stay, Rule 62 of the Federal Rules of Civil Procedure, relates to a stay of proceedings to enforce a judgment and is not relevant to this action.

Mr. Maunz's third request in the motion filed on May 13 is termed a "Motion for refiling" and he seeks this relief because he was assaulted by two of the named Defendants on April 9, 2010. Mr. Maunz also alleges in his original complaint filed in this action that he was assaulted by two of the named Defendants on April 9, 2010. Construing the "Motion for refiling" liberally, Mr. Maunz may be asking to proceed in this action with his original complaint rather than filing an amended pleading on the Court's Prisoner Complaint form. If so, the request will be denied because the Court's local rules require *pro se* prisoners to "use the forms established by this court to file an action." D.C.COLO.LCivR 8.2A. To the extent Mr. Maunz may be seeking some other relief in his "Motion for refiling," the request is denied because it is not clear what relief he is seeking.

Mr. Maunz has failed to cure the remaining deficiencies within the time allowed because he has failed to file a Prisoner Complaint on the proper form and he has failed

3

to submit a certified copy of his inmate trust fund account statement in support of his motion seeking leave to proceed *in forma pauperis* as required pursuant to 28 U.S.C. § 1915(a)(2). Therefore, the action will be dismissed without prejudice for failure to cure all of the deficiencies within the time allowed. Accordingly, it is

ORDERED that the "Motion for Refiling Civil/Prisoner's Complaint 42 § 1983 (Notice of Intent) Ext./Stay" filed on May 13, 2011, is denied. It is

FURTHER ORDERED that the complaint and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Plaintiff failed to cure all of the deficiencies as directed within the time allowed. It is

FURTHER ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 filed on February 18, 2011, is denied as moot.

DATED at Denver, Colorado, this __18th__ day of ____May____, 2011.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-02864-BNB

William Maunz
Prisoner No. 457517
Van Cisse-Simonet Detention Center
490 W Colfax Ave
Denver, CO 80204

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on May 18, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk